IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MARTIN REED SWAN, | ) | Cause No. CV 07-16-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 6, 2007, Petitioner Martin Swan filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Swan is a state prisoner proceeding pro se.

On October 3, 2007, Swan was ordered to show cause why he failed to file his petition within the one-year statute of limitations. See Order to Show Cause (doc. 5) at 3-5. Swan responded on November 6, 2007. See Br. in Resp. (doc. 6) at 1-3.

**I. Background**

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Swan was convicted in Montana's Fourth Judicial District Court, Missoula County, of the 1997 murder of Ginny Hann. See generally State v. Swan, 10 P.3d 102, 103-05 ¶¶ 3-14 (Mont. 2000). He was sentenced to life in prison without the possibility of parole.

Swan's federal habeas petition challenges the trial court's denial of his motions to use the law library, to remove his public defender for another lawyer, and to represent himself. See Pet. (doc. 1) at 4-7, ¶¶ 15A-B. He also claims that he should have been permitted to substitute judges and that the DNA analysis admitted at trial was faulty. See id. at 7-9, ¶¶ 15C-D. Finally, he asserts that trial and appellate counsel were ineffective for failing to raise some of these issues at trial and on direct appeal. See id. at 7, ¶ 15B(5); 8, ¶ 15C(5); 9, ¶ 15D(5).

## II. Federal Statute of Limitations

### A. Application of the Statute

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations period began to run on the date Swan's conviction became "final" in state court. See id. § 2244(d)(1)(A).

The Montana Supreme Court decided Swan's direct appeal on September 14, 2000. See State v. Swan, 10 P.3d 102 (Mont. 2000). His conviction became final ninety days later, at the conclusion of his time to file a petition for writ of certiorari in the United States Supreme Court, on December 13, 2000. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); U.S. Sup. Ct. R. 13(1), (3).

The one-year period for filing a federal habeas action is suspended while a petitioner has a

pertinent action pending in state court. See 28 U.S.C. § 2244(d)(2). Swan filed a petition for postconviction relief in the trial court on December 12, 2001, see Appellant Br. at 2, Swan v. State, No. 04-581 (Mont. Jan. 24, 2005),[1] with one day remaining on the federal statute. His postconviction appeal was decided on February 28, 2006. See Swan v. State, 130 P.3d 606 (Mont. 2006). There is no ninety-day period to petition for certiorari following a postconviction appeal. See Lawrence v. Florida, __ U.S. __, __, 127 S. Ct. 1079, 1083-84 (2007). Swan's deadline for filing his federal habeas petition was March 1, 2006. He signed and submitted it on January 31, 2007. See Pet. at 10; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule). He filed 337 days too late.

**B. Equitable Tolling**

Swan might be entitled to equitable tolling of the limitations period if he could demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time. See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome. Id.

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted). Additionally, "the person seeking equitable tolling must demonstrate reasonable

---

[1] This document is available from the Montana State Library and at 2005 WL 240636.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

diligence in attempting to file *after* the extraordinary circumstances began." Id. at 971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

Swan explains that he "ask[ed] various legal counsel about filing a writ of habeas corpus and the petitioner truly believed he had 1 yr from the date of the MT. Supreme Court denying the appeal before concerning the District Courts denial of the Postconviction petition." Br. in Resp. (doc. 6) at 2. He also states that legal materials and the time to use them are both limited at Montana State Prison. See id. at 1-3.

The latter circumstance is not extraordinary, and its importance is diminished by the fact that Swan says he asked attorneys about when he should file. It seems clear that he received bad legal advice. That is extremely unfortunate. However, the law is clear that attorney error does not constitute grounds for equitable tolling. See, e.g., Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (attorney's erroneous advice as to filing deadline did not warrant equitable tolling, even though counsel who made the error was appointed to represent petitioner on direct appeal when he had Sixth Amendment right to counsel); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney's miscalculation of filing deadline did not warrant equitable tolling). Though the Court recognizes that Swan acted in good faith and believed he filed well within the limitations period, in fact, he did not.

Because Swan filed outside the limitations period, and because he has not shown a legally cognizable excuse for doing so, his petition is time-barred. It should be dismissed.

**V. Certificate of Appealability**

**A. Governing Law**

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025. The Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1) (emphasis added).

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

**B. Discussion**

This is not an unusual or extraordinary case. A reasonable jurist might find that Swan states a valid claim of the denial of a constitutional right; at least, a closer look would be required to

resolve the question. But Swan filed his federal petition 337 days too late. Following advice he received from "various legal counsel," he believed in good faith that he filed a month before the deadline. Unfortunately, the advice he received was wrong. The law is clear in the Ninth Circuit that attorney error is not a basis for equitable tolling. See Miranda, 292 F.3d at 1067-68; Frye, 273 F.3d at 1146. There is no room here for reasonable jurists to disagree about the procedural ruling. There is no reason to encourage Swan to proceed further. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Swan's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse. The Clerk of Court should be directed to enter by separate document judgment in favor of Respondents and against Swan. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to the Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge.

Swan must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice

to him.

DATED this <u>15th</u> day of July, 2008.

                                                /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7